# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

TIZAZU F. AREGA,

      Petitioner,

v.

WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,

      Respondent.

CASE NO. 2:18-CV-942
JUDGE GEORGE C. SMITH
Magistrate Judge Elizabeth P. Deavers

## ORDER and REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1–1.) This case has been referred to the Undersigned pursuant to 28 U.S.C § 636(b) and Columbus' General Order 14–1 regarding assignments and references to United States Magistrate Judges.

Petitioner has also filed a motion to proceed *in forma pauperis*. (ECF No. 1.) Upon consideration, the Magistrate Judge finds the motion to be meritorious and it is **GRANTED**. Petitioner shall be permitted to proceed without prepayment of fees or costs and judicial officers who render services in this action shall do so as if costs had been prepaid.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"), the Court must conduct a preliminary review to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." If it does so appear, the petition must be dismissed. *Id.* Rule 4 allows for the dismissal of petitions which raise legally frivolous claims, as well as petitions that contain factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434,

436–37 (6th Cir. 1999). For the reasons that follow, it plainly appears that Petitioner is not entitled to relief because he has failed to satisfy the pleading requirements of Rule 2(c) of the Rules Governing Section 2254 Cases in the District Courts. Accordingly, the Undersigned **RECOMMENDS** that this action be **DISMISSED**.

Petitioner alleges that he is in custody of the Ohio Department of Rehabilitation and Correction. (ECF 1–1.) Petitioner seeks leave to "file a verified Motion for immediate release from illegal State's custody due to violation of the fundamental Bill of Rights to indictment, the Fifth and Fourteenth Amendments to the United States Constitution." (*Id*. at PAGE ID# 8.) He does not, however, allege any facts related to those claims. He does not, for instance, identify the name of the state court that convicted him, the date he was convicted, or the offenses for which he was convicted. Nor does he allege facts about how any state court conviction that he may be attempting to challenge violated the Constitution or federal law.

A habeas petition must "allege the facts concerning the applicant's commitment or detention, the name of the person who has authority over him and by virtue of what claim or authority if known." 28 U.S.C. § 2242. Pursuant to Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, the petition also must also "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." *See also Flood v. Phillips*, 90 Fed App'x. 108, 113 (6th Cir. 2004). Rule 2(c)'s requirements are "more demanding" than Fed. R. Civ. P. 8(a), which requires in "ordinary civil proceedings" that the complaint "provide 'fair notice of what the plaintiff's claim is and the grounds upon which it rests.' " *Mayle v. Felix*, 545 U.S. 644, 655-56 (2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, (1957)); *see also McFarland v. Scott*, 512 U.S. 849, 860 (1994) (O'Connor, J., concurring in part) ("the habeas petition, unlike a complaint, must allege the factual underpinning of the

2

petitioner's claims"). Notice pleading is insufficient in a petition seeking habeas relief because a petitioner's pleadings must "state facts that point to a real possibility of Constitutional error." *Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977); *see also McClure v. Warden, London Corr. Inst.*, No. 1:16–CV–729, 2018 WL 1452253, at *4 (S.D. Ohio March 1, 2018) *Report and Recommendation adopted*, No. 1:16–CV–729, 2018 WL 1425957 (S.D. Ohio Mar. 22, 2018) (internal citations omitted). Dismissal under Rule 2(c) is appropriate when a petition and accompanying pleadings are unintelligible and a court is unable to determine what alleged errors of fact or law are at issue for adjudication. *McClure*, 2018 WL 1452253 at *4 (citing *Denoma v. Kasich*, No. 1:15-CV-594, 2015 WL 9906255, at *3 (S.D. Ohio Nov. 2, 2015), *Report and Recommendation adopted*, 2016 WL 279239 (S.D. Ohio Apr. 5, 2016)).

The petition in this case, even liberally construed, alleges no facts at all, let alone facts that would support a claim that Petitioner was convicted in violation of the Constitution or laws of the United States. Indeed, the instant petition is so deficient that it is impossible to determine if it challenges the same state court conviction that Petitioner challenged in his previous federal habeas, and thus whether it constitutes a successive petition within the meaning of 28 U.S.C §2244(b)(3)(A). (*See Arega v. United States*, 2:16–CV–618, S.D. Ohio, ECF No. 3, August 1, 2016). Accordingly, the Magistrate Judge cannot determine what alleged errors of fact or law are at issue for adjudication.

**Recommended Disposition**

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED**.

**Procedure on Objections**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

**DATE: October 19, 2018**  *s / Elizabeth A. Preston Deavers*
Elizabeth A. Preston Deavers
United States Magistrate Judge